CORPORATION OF the PRESIDENT OF the CHURCH OF JESUS CHRIST OF LATTER–DAY SAINTS, a corporation sole, Plaintiff and Respondent,

v.

Douglas A. WALLACE, Defendant and Appellant.

No. 15500.

Supreme Court of Utah.

Jan. 23, 1979.

---

Douglas A. Wallace, pro se.

Brian M. Barnard, Salt Lake City, for defendant and appellant.

Allen M. Swan, Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

Defendant Douglas A. Wallace appeals to have set aside an order of the district court which restrains him from entering upon Temple Square in Salt Lake City in circumstances which will interfere with religious services being conducted therein.

■ There is some conflict in the evidence as to the facts underlying this controversy and upon which the restraining order is based. Under the standard rule of review, we assume that the trial court believed those aspects of the evidence with support its findings and justify its judgment.[1]

The evidence indicates that the defendant claims to have received revelations from the Lord directing him to take over the leadership of the church. He has in the past undertaken to hold a church trial to remove the presiding authorities of the church. He sets the date of the proposed trial to coincide with the meetings of the semi-annual general conference of the church. At that time he has entered into the Tabernacle and attempted to reach the podium in order to obtain the use of the microphones and to disrupt the religious proceedings of those assembled, numbering about 8,000, which services are broadcast by radio and television to all parts of the world.

During one such session the defendant entered the Tabernacle dressed all in white and proceeded toward the pulpit. Witnesses say that he said to the usher who stood in his way, "Don't touch me, I am the Lord"; or something to that effect; and that there was at least some physical opposition and impact in restraining him. And further, that shortly thereafter in a discussion outside the Tabernacle the defendant said in substance:

We didn't make it this time . . . It was a matter of timing . . . Now I am familiar with the building, we won't miss next time.

The evidence further shows that over a period of months the defendant has written letters and made statements indicating a determination to remove the leaders of the church from their positions. In fact, in another case he has heretofore been temporarily restrained from interfering with meetings being held in the Tabernacle, which order was affirmed on appeal to this Court.[2]

---

1. *Fillmore City v. Reeve*, Utah, 571 P.2d 1316.

2. *Corporation of the President, etc. v. Wallace*, Utah, 573 P.2d 1285 (1978).

■ The facts as hereinabove recited provide ample basis for the trial court's conclusion that there is imminent and continuing threat of the defendant creating disturbance in and interfering with the religious meetings of the church; and justify its artfully and appropriately stated restraining order:

. . . that Defendant be and he is hereby permanently enjoined from entering upon Temple Square, Salt Lake City, Utah, during such times and under such circumstances as to interfere with, impair or abridge by his conduct, the religious services or conferences of other persons or the free exercise of religion by such other persons therein or thereon; provided, however, that this injunction is neither intended nor is it to be construed to interfere with or abridge Defendant's right to the free exercise of his religious beliefs at such other times and places, or under such other circumstances as to not interfere with the constitutionally protected rights to the free exercise of religion of and by other persons, and . .

■ Defendant also makes the contention that the plaintiff, corporation sole, has no standing to maintain this suit. Plaintiff as the legal title holder of the temple grounds has the same right to peaceable possession to resist and prevent unwanted or unlawful intrusions or trespasses thereon, as would any other property owner. Thus, it, (the corporation sole) has standing to maintain this suit to obtain assurance that the defendant does not enter the grounds at such times and in such a manner as to interfere with lawful activities of the church.[3] The arrangement between the corporation sole and the church and its membership for holding services therein, is a matter of mutual understanding and accord between them. That is no concern of the defendant; and it is he who has no standing to question their right to use the Tabernacle for whatever lawful purpose they desire.

3. Ibid.

4. Analogous to this case and supportive of our conclusion herein is the case of *Central Presby-*

■ Contrary to the defendant's argument, there is no remedy at law to adequately cope with his disruptive conduct and threats of continuance thereof. It should be obvious on a modicum of reflection that neither an action for trespass nor money damages awardable therein would serve the desirable and lawful purpose of assuring the peaceful and orderly conduct of religious services.

We take occasion to observe that insofar as this record discloses there appears to be no reason to doubt the sincerity of the defendant's belief, nor the fervor of his commitment to his objectives, nor to believe that he has engaged in or threatened any actual violence against anyone, except to disrupt the religious services as hereinabove stated.

Defendant talks of his right to freedom of religion and of expression. It must be realized that despite our pride in the freedoms assured individuals, there must nevertheless be forbearance by individuals for the good order of society generally. The judgment here places no greater nor different restraint upon the defendant than that which is required of everyone by common custom and good manners, as well as by law: to allow others their freedom of religion in conducting and participating in religious services according to their desire; and that he refrain from unseemly intrusion upon or disruption of their religious services.[4]

Under the circumstances shown we are in agreement with the trial court that the restraining order is justified in order to assure others their rights to freedom of religion in being permitted to worship in peace and good order.

Judgment affirmed. No costs awarded.

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.

*terian Church v. Black Liberation Front*, 303 F.Supp. 894.